# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**CARMEN LETOURNEAU**

                Plaintiff,             Case No. 22-cv-11189

                                                  Judge

v.

**NOVARES US LLC**,

                Defendant.

_____/

**LINDERMAN LAW, PLLC.**
Marla Linderman Richelew (P55759)
Attorney for Plaintiff
531 Woodgrove Drive
Ann Arbor, MI 48103
(810) 220-0600
Lindermanlaw@sbcglobal.net

## COMPLAINT AND JURY DEMAND

PLAINTIFF, through counsel, states the following Complaint against Defendant:

## NATURE OF CLAIM

1. This is a proceeding for declaratory and injunctive relief and for money damages against Defendant to redress the deprivation of Plaintiff's rights, purposeful discrimination and retaliation against the Plaintiff under the Family Medical Leave Act ("FMLA") and supplemental jurisdiction under the Michigan Persons With Disabilities Civil Rights Act ("PWDCRA").

## JURISDICTION AND PARTIES

2. The jurisdiction of this Court is invoked pursuant to 28 USC §1331, 1343, 1367, 29 USC §2601 et. seq (FMLA), and supplemental jurisdiction.

3. Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to 28 USC §2201, 28 USC §2202; 29 USC §2601 et seq (FMLA), and pendent jurisdiction.

4. Many of the events giving rise to this action occurred in the Eastern District of Michigan.

5. The amount in controversy exceeds $75,000.00.

## COMMON ALLEGATIONS

7. Plaintiff is Carmen LeTourneau, hereafter referred to as "Plaintiff".

8. Plaintiff resides in Livingston County, Michigan.

9. Defendant Novares US LLC ("Defendant") is a Michigan Corporation with a plant located in Livingston County, Michigan and a registered office located in Livonia, Michigan.

10. Plaintiff began working for Defendant on or about August 1, 2011.

11. Plaintiff worked for Defendant at its Livingston County location.

12. When Plaintiff. began working for Defendant it was originally called Key Plastics, LLC.

13. However, on or about December of 2016, Key Plastics, LLC was acquired by Mecaplast Group and rebranded as Novares US, LLC.

14. Plaintiff was qualified for her position with Defendant at all times.

15. Plaintiff performed her job duties in a satisfactory or above manner at all times employed by Defendant.

16. Plaintiff suffers from hypertension with a left bundle branch block on her heart.

17. Hypertension is a recognized serious health condition covered by the FMLA.

18. A left bundle branch block is also a serious health condition given Plaintiff's heart

19. Defendant was aware of Plaintiff's serious health condition.

20. Defendant had approved Plaintiff for intermittent FMLA leave due to her serious health condition in the past.

21. Defendant was aware that Plaintiff's need for a leave due to her serious health condition was unforeseeable and unpredictable.

22. On June 4, 2020, Plaintiff informed her manager that she was not feeling well, was feeling lightheaded and having heart palpitations, and needed to take a half of a day off for FMLA.

23. Her manager approved her leaving.

24. Despite Plaintiff's manager approving her leaving work, the manager decided to wrongfully claim that Plaintiff had quit.

25. Plaintiff did seek medical care and obtained a doctor's note.

26. Plaintiff attempted to timely return to work but Defendant refused to allow her to return to work.

27. Plaintiff timely informed Defendant that she had a doctor's note and attempted to provide it to Defendant on or about June 4, 2020, but Defendant originally refused to accept the medical provider's note.

28. Plaintiff was finally successful in providing her doctor's note a day or so later.

29. Despite having notice that Plaintiff's leave may qualify as FMLA, Defendant failed to request that Plaintiff provide a certification issued by Plaintiff's health provider as required by 29 CFR 825.305.

30. This time should have been covered under the FMLA.

31. Any failure of documentation was caused by Defendant's failure to follow the FMLA's requirements.

32. Plaintiff was terminated because she took FMLA leave.

33. Plaintiff was terminated because she had a recognized disability.

34. Plaintiff filed an EEOC complaint alleging she was discriminated against and terminated by Defendant based on her disability.

35. A right-to-sue has been delayed by Defendant as it failed to timely respond to the EEOC's request for a position statement but is expected.

36. Once received, Plaintiff intends to add an ADA claim to her lawsuit.

37. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

38. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

39. Plaintiff worked over 1250 hours within a 12 month period as required by the Family Medical Leave Act ("FMLA") for Defendant during the relevant time period.

40. Defendant has more than 50 employees.

41. Defendant is an employer covered under the FMLA.

42. Plaintiff requested FMLA leaves due to her serious health conditions which was covered under the FMLA.

43. Defendant refused to comply with the FMLA.

44. Defendant interfered with Plaintiff's right to take an FMLA leave.

45. Defendant negatively considered Plaintiff's exercise of her rights under the FMLA in violation of the FMLA.

46. Defendant terminated Plaintiff for asserting and exercising her FMLA rights, at least in part.

47. Plaintiff fulfilled all of her requirements under the FMLA to the best of her ability.

48. Defendant failed to fulfill its requirements under the FMLA.

49. Plaintiff was prejudiced by Defendant's failure to fulfill its requirements under the FMLA.

50. Defendant's termination of Plaintiff constitutes a violation of the FMLA.

51. Defendant's violations of the FMLA were willful and intentional.

52. Defendant's violations of the FMLA were not in good faith.

53. Defendant did not reasonably believe that it had complied with the FMLA.

54. Defendant's violations have directly and proximately caused Plaintiff great damages, including loss of wages, benefits and other compensation of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) liquidated damages as provided for in 29 USC §2617; (3) an award of costs, interest and attorney fees; and (4) such equitable relief as the Court deems just, including but not limited to reinstatement.

## COUNT II
## DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FMLA

55. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

56. Plaintiff engaged in protected activity when she requested and took a leave covered under the FMLA.

57. Defendant was aware that Plaintiff engaged in this protected activity.

58. Defendant retaliated against Plaintiff, at least in part, by terminating her for engaging in this protected activity.

59. Defendant's violations of the FMLA were willful and intentional.

60. Defendant's violations of the FMLA were not in good faith.

61. Defendant did not have reasonable grounds for believing that its termination of Plaintiff was not a violation of the FMLA.

62. Defendant's violation of the FMLA has directly and proximately caused Plaintiff great damages, including economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff requests (1) judgment against Defendant in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic injuries; (2) liquidated damages as provided for in 29 USC §2617; (3) an award of costs, interest and attorney fees; and (4)

such equitable relief as the Court deems just, including but not limited to, reinstatement.

## COUNT III
## VIOLATION OF PWDCRA, MCL 37.1101 et seq.
## HISTORY OF A DISABILITY

63. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

64. Plaintiff had a history of having a disability.

65. Plaintiff was subjected to discrimination based on her history of a disability by Defendant.

66. Plaintiff was terminated, at least in part, by Defendant, because of her history of having a disability.

67. Defendant's termination of Plaintiff constituted illegal discrimination in violation of the PWDCRA et seq.

68. Such discrimination has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage,

mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

## COUNT IV
## VIOLATION OF PWDCRA, MCL 37.1101 et seq.
## DISABILITY DISCRIMINATION

69. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

70. Plaintiff had a disability protected by the PWDCRA.

71. Plaintiff was subjected to discrimination based on her disability by Defendant.

72. Defendant failed to properly accommodate Plaintiff and/or engage in the proper process to determine accommodation, requests for accommodation by Plaintiff, including taking allowable FMLA leaves.

73. Plaintiff was terminated, at least in part, by Defendant, because of her disability.

74. Defendant's termination of Plaintiff constituted illegal discrimination in violation of PWDCRA et seq.

75. Such discrimination has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

## COUNT V
## PWDRCA, MCL 37.1101 et seq.
## RETALIATION

76. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

77. Plaintiff requested an accommodation for her disability from Defendant by being allowed to miss work on occasion.

78. Plaintiff requested an accommodation for her disability previously in writing and verbally on June 4, 2020.

79. Defendant originally granted Plaintiff's request to leave work due to her disability and serious health condition.

80. However, Defendant then wrongfully claimed that she had quit.

81. Plaintiff requested to be allowed to return to work but Defendant refused to allow her to return to work.

82. Defendant retaliated against Plaintiff because she requested a reasonable accommodation to leave work to seek medical care.

83. Defendant(s) retaliation has directly and proximately caused Plaintiff great damages, including embarrassment, humiliation, outrage, mental distress and economic loss of large but as of yet undetermined proportions.

WHEREFORE, Plaintiff asks for (1) judgment against Defendant(s) in whatever amount the Court or jury determines to be fair, just, and adequate compensation for her economic and non-economic injuries; (2) an award of costs, interest and attorney fees; and (3) such equitable relief as the Court deems just.

Respectfully Submitted on May 31, 2022,

LINDERMAN LAW PLLC

/s/ Marla Linderman Richelew
Marla Linderman Richelew (P55759)
531 Woodgrove Drive
Ann Arbor, MI 48103
(810) 220-0600
lindermanlaw@sbcglobal.net
Attorneys for Plaintiff

## JURY DEMAND

NOW COMES the Plaintiffs through counsel, and hereby demands trial by jury in the above captioned matter.

Respectfully submitted on May 31, 2022,

LINDERMAN LAW P.C.

/s/Marla Linderman Richelew
Marla Linderman Richelew(P55759)
LINDERMAN LAW P.C.
531 Woodgrove Drive
Ann Arbor, MI 48103
(810) 220-0600
linderman@lindermanlaw.com
Attorneys for Plaintiffs